IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


GEORGE L. KOYNOK,

      Plaintiff,                              06cv1200
                                                  ELECTRONICALLY FILED

      v.

THOMAS R. LLOYD, Mayor of Dormont
Borough, individually and in his official
capacity, JOSEPH M. COSTANZO, former
President of Dormont Borough Council,
individually and in his official capacity,
KRISTEN DENNE, former Assistant Manager
of Dormont Borough, individually and in her
official capacity, THOMAS H. AYOOB, III,
Solicitor of Dormont Borough, individually and
in his official capacity, PATRICK KELLY,
Building Inspector/Code Enforcement Officer,
individually and in his capacity, RUSSELL J.
MCKIBBEN, former Interim Borough Manager
and Police Chief of Dormont Borough,
individually and in his official capacity,
DORMONT BOROUGH,

           Defendants.


MEMORANDUM OPINION

      This is a civil rights action.  Pro se plaintiff, George Koynok, allege that defendants,

denied him equal protection, due process and conspired against him in violation of 42 U.S.C. §§

1983 and 1985 and violated his 8th Amendment Rights, when they denied his request to use his

property, located at 2850 Glenmore Avenue, Pittsburgh, Pennsylvania, as a boarding/rooming

house.  Plaintiff seeks unspecified damages and equitable relief including, but not limited to:

(1) an order requiring defendants institute appropriate policies, practices, training and other

measures to remedy their policies, practices and/or customs concerning the statutory laws of

posting, notices, and hearings as stated in the Pa. Municipal Planning Code; (2) a declaration that

the ordinance 1530 was and is unconstitutional as applied to plaintiff and all others it may effect;

(3) a declaration that plaintiff's dwelling be labeled as a boarding-rooming house with

permission to rent available sleeping rooms to the public; and, (4) a declaration that the certain

documents written on September 21, 2004 and on September 6, 2005 are fraudulent.

Currently pending before the Court is defendants' motion to dismiss plaintiff's complaint,

pursuant to Fed. R. Civ. P. 12(b)(6), as well as Court's ordered briefs on a rule to show cause

why this case should not be stayed pending a decision by the Court of Common Pleas of

Allegheny County on the underlying land use/zoning appeal.  After careful consideration, and for

the reasons that follow, this Court will stay all further proceeding pursuant to Younger v. Harris,

401 U.S. 37 (1971) and its progeny, will deny defendant' motion to dismiss without prejudice,

and will mark this case administratively closed.

I.      Discussion

The doctrine of abstention provides that a federal court may properly abstain from

exercising its jurisdictional powers when to do so would impermissibly interfere with ongoing

state proceedings.  See generally, Samuels v. Mackell, 401 U.S. 66 (1971); New Jersey v.

Chesimard, 555 F.2d 63 (3d Cir. 1977).  In Younger v. Harris, 401 U.S. 37 (1971), the United

States Supreme Court determined that the "interests of comity and federalism counsel federal

courts to abstain from jurisdiction whenever federal claims have been or could be presented in

ongoing state judicial proceedings that concern important state interests."  Younger v. Harris, 401

U.S. 37.  Although decided in the context of state criminal proceedings, the Younger doctrine is

fully applicable in civil proceedings in which important state interests are involved.  Moore v.

Sims, 442 U.S. 415, 422 (1979).

However, federal deference to state proceedings pursuant to Younger is not absolute.  The

following predicates must be met in order for a federal court to abstain under the Younger

doctrine: (1) there must be ongoing state proceedings that are judicial in nature; (2) the state

proceedings must implicate important state interests; and (3) the state proceedings must afford an

adequate opportunity to raise federal claims.  Anthony v. Council, 316 F.3d 412, 418 (3d Cir.

2003).  Younger abstention will only be appropriate when the requested equitable relief would

constitute federal interference in state judicial or quasi-judicial proceedings.  Marks v. Stinson,

19 F.3d 873 (3d Cir. 1994) (citations omitted).  Furthermore, even where the requirements of

Younger are met, abstention is not applicable if the federal plaintiff can demonstrate

extraordinary circumstances such that deference to state proceedings will present a "significant

potential for irreparable harm."  Anthony, 316 F.3d at 418.

Although a state undoubtedly has an important interest in its land use policy, the mere

presence of land use issues should not trigger a "mechanical" decision to abstain.  Heritage

Farms, Inc., 671 F.2d 743, 748 (3d Cir. 1982).  The United States Court of Appeals for the Third

Circuit has stated that "it is incumbent upon district courts, faced with a claim arising out of land

use questions, to examine the facts carefully to determine what the essence of the claim is."  Id.

In the present case, plaintiff's zoning appeal is currently pending in the Court of Common

Pleas of Allegheny County before the Honorable Joseph James at SA-06-000145.  Therefore, the

first prong of Younger is satisfied.

The second prong of Younger is also satisfied because issues of land use and zoning

involve interests traditionally of significance to the state.  See O'Neill v. City of Philadelphia, 32

F.3d 785, 792 (3d Cir. 1994) (finding that the "City of Philadelphia has a vital and critical

interest in the functioning of the regulatory system, such as the one at issue here, which is

intimately associated with the physical and financial workings of the city in general, and of the

municipal government in particular.")   Furthermore, the relief sought in this federal action

would interfere with the pending state proceedings as plaintiff's complaint seeks declaratory

relief that would require this Court to dictate zoning decisions in the Borough of Dormont.  But

see Gwynedd Properties v. Lower Gwynedd Township, 970 F.2d 1195, 1202 (3d Cir. 1992).

Furthermore, plaintiff's request for a declaration that certain documents be deemed "fraudulent,"

or that the Borough be enjoined from acting in a discriminatory manner, are at least inextricable

intertwined with the challenges to the zoning decisions.

Finally, the third prong of Younger is satisfied because the zoning appeal currently

pending affords the parties an adequate opportunity to raise their constitutional challenges and

allege civil rights violations in the state court proceedings.[1]  See Pennzoil Co. v. Texaco Inc.,

481 U.S. 1, 17 (1987) ("Article VI of the United States Constitution declares that 'the Judges in

every State shall be bound' by the Federal Constitution, laws, and treaties.").  Although there is

some dispute as to whether plaintiff's claims for unspecified damages is available in the state

court proceedings, the Court will still stay the proceedings with respect to those claims as well in

order to avoid federal-state friction.  Addiction Specialists, Inc. The Township of Hampton, et

---

[1]Constitutional claims may be raised in a state-court review of an administrative
proceeding.  Gentlemen's Retreat, Inc. v. City of Philadelphia, 109 F.Supp.2d 374, 380 (E.D. Pa.
2000) (citing Ohio Civil Rights Comm'n v. Dayton Christian School, Inc., 477 U.S. 619, 629
(1986)) (stating constitutional claims may be raised in state court judicial review of
administrative proceedings).

Case 2:06-cv-01200-AJS   Document 30   Filed 12/04/06   Page 5 of 5

al., 411 F.3d 399, 414 (3d Cir. 2005).

Finally, plaintiff has not demonstrated extraordinary circumstances such that deference to state proceedings will present any potential for irreparable harm.  Anthony, 316 F.3d at 418.

II.    Conclusion

In sum, because all three Younger requirements are met, we are required to abstain from deciding plaintiff's claims for damages as well as equitable relief at this time.  Accordingly, this Court will stay this case and mark it administratively closed pending a resolution of the underlying state court action.  Furthermore, the Court will deny defendants' motion to dismiss without prejudice to refiling at an appropriate time upon resolution of the state court proceedings.

An appropriate order follows.


s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:    All counsel of record

5