IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


GEORGE L. KOYNOK,

          Plaintiff,

    v.

THOMAS R. LLOYD, Mayor of Dormont
Borough, individually and in his official
capacity, JOSEPH M. COSTANZO, former
President of Dormont Borough Council,
individually and in his official capacity,
KRISTEN DENNE, former Assistant Manager
of Dormont Borough, individually and in her
official capacity, THOMAS H. AYOOB, III,
Solicitor of Dormont Borough, individually and
in his official capacity, PATRICK KELLY,
Building Inspector/Code Enforcement Officer,
individually and in his capacity, RUSSELL J.
MCKIBBEN, former Interim Borough Manager
and Police Chief of Dormont Borough,
individually and in his official capacity,
DORMONT BOROUGH,

          Defendants.

06cv1200
ELECTRONICALLY FILED


## **Memorandum Opinion**

_____ *Pro se* plaintiff, George Koynok, instituted this action seeking monetary and injunctive

relief. Plaintiff's complaint, which is somewhat unfocused, appears to allege that the Zoning

Board of the Borough of Dormont wrongfully denied his application seeking a variance for use of

his property as a boarding/rooming house.

On May 8, 2003, plaintiff filed a statutory appeal from the Zoning Board's decision in the

Court of Common Pleas of Allegheny County, and the Honorable Joseph James affirmed the

decision of the Zoning Board and dismissed plaintiff's appeal. Plaintiff failed to file an appeal

from the decision of Judge James to the Pennsylvania Commonwealth Court.[1]   Plaintiff did,

however, file a petition for allowance of appeal to the Supreme Court of Pennsylvania, which

was denied (doc. no. 35-3).  Meanwhile, according to defendants' motion to dismiss, on

November 28, 2005, plaintiff filed another application for "use by special exception" with the

Zoning Hearing Board.  The application was denied on February 6, 2006, and plaintiff filed an

appeal of this denial, which is currently pending in the Court of Common Pleas of Allegheny

County[2]

  After filing a motion to reopen the case, which this Court granted, defendants now file a

motion to dismiss the complaint pursuant to Fed. R Civ. P. 12(b)(6) or, in the alternative, for a

more specific pleading.

  This Court will dismiss this case because the factual allegations in the complaint (and as

reiterated and further clarified in the response to the motion to dismiss) amount to nothing more

than a collateral attack on the state court judgments.  This cause of action therefore raises

insurmountable *Rooker-Feldman* hurdles.  *See District of Columbia Court of Appeals v.

Feldman*, 460 U.S. 462, 482 (1983);  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

  The *Rooker-Feldman* doctrine is a question of federal subject matter jurisdiction that this

---

[1]This Court previously abstained from hearing this case under *Younger v. Harris,* 401 U.S. 37 (1971), and closed this case without prejudice for the case to be reopened at the appropriate time following the conclusion of the state court proceedings (doc. nos. 30 and 31). Given that there still exists a state court proceeding regarding the applicability of the "use by special exception" application for the same property at issue, it would appear that abstention under *Younger* is still warranted.

[2]Neither party has attached a copy of the docket of new state court proceedings, but it appears that they both agree that there is an appeal pending of the 2006 Order denying plaintiff's application for "use by special exception."

Court is not free to ignore. *Gulla v. North Strabane Township*, 146 F.3d 168, 170-71 (3d Cir. 1998). "Under the *Rooker-Feldman* doctrine, lower federal courts cannot entertain [federal] claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication." *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996). Moreover, the state level decision need not be of its highest court, and the *Rooker-Feldman* doctrine applies equally to final decisions of lower state courts. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 364 F.3d 102, 104 (3d Cir. 2004), *citing FOCUS*, 75 F.3d at 840.

Given the liberality with which federal courts construe *pro se* complaints, this Court would ordinarily give plaintiff another opportunity to show cause why this action should not be dismissed for want of subject matter jurisdiction. However, plaintiff's affirmative averments demonstrate that, even if the complaint could be read to sustain a federal question or diversity of citizenship jurisdiction, his cause of action is nothing more than a "spin-off" of a state court action, that it suffers a fatal *Rooker-Feldman* defect, and that it must, therefore, be dismissed with prejudice.

Furthermore, 28 U.S.C. § 1915 (e)(2) provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A) the allegation of poverty is untrue; or
(B) the action or appeal--
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

The standard under which a district court may dismiss an action as frivolous under 28

U.S.C. § 1915(d) (the predecessor to section 1915 (e)(2)[3]) was clarified by the Supreme Court in

*Neitzke v. Williams*, 490 U.S. 319 (1989)). Dismissal is appropriate both when the action is

"based on an indisputably meritless legal theory" and when it posits "factual contentions [that]

are clearly baseless." *Id.* at 327.

Accordingly, given that this Court lacks subject matter jurisdiction under *Rooker-*

*Feldman*, this Court will dismiss this action as frivolous under 28 U.S.C. §1915. An appropriate

order follows.[4]


                                        s/Arthur J. Schwab_____
                                        Arthur J. Schwab
                                        United States District Judge


cc:     All counsel of record

---

[3]Although much of the language in the current in forma pauperis statute, 28 U.S.C. §
1915, deals with prisoners, section 1915(e)(2) is not limited to prisoner suits. *Powell v. Hoover*,
956 F.Supp. 564 .(M.D.PA. 1997).

[4]Since the Court does not have subject matter jurisdiction over this matter, the Court will
not address the underlying arguments on the motion to dismiss. While the Court is inclined to
agree with defendants that plaintiff has utterly failed to set forth causes of action for violations of
his rights to procedural and substantive due process, equal protection, and under the 8th
amendment, the Court will deny the motion to dismiss as moot.