IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE L. KOYNOK,

    Plaintiff,

    v.

THOMAS R. LLOYD, Mayor of Dormont Borough, individually and in his official capacity, JOSEPH M. COSTANZO, former President of Dormont Borough Council, individually and in his official capacity, KRISTEN DENNE, former Assistant Manager of Dormont Borough, individually and in her official capacity, THOMAS H. AYOOB, III, Solicitor of Dormont Borough, individually and in his official capacity, PATRICK KELLY, Building Inspector/Code Enforcement Officer, individually and in his capacity, RUSSELL J. MCKIBBEN, former Interim Borough Manager and Police Chief of Dormont Borough, individually and in his official capacity, DORMONT BOROUGH,

    Defendants.

06cv1200
ELECTRONICALLY FILED

### Memorandum Order

This case is again before this Court after the United States Court of Appeals for the Third Circuit vacated and remanded this Court's prior ruling that it lacked subject matter jurisdiction. (Doc. Nos. 43 and 44).

Plaintiff, who is proceeding *pro se*, and owns property in Dormont Borough, Pittsburgh, Pennsylvania, sought a variance in 2003 that he might use his property (a single family home) as a boardinghouse. After the variance was denied, plaintiff pursued an appeal of the Zoning

Hearing Board decision in the Allegheny Court of Common Pleas, who affirmed the decision and dismissed the appeal.  No further appeal was commenced by plaintiff on the 2003 variance.  Then, in 2005, plaintiff again applied to the Zoning Hearing Board for a "special exception" to use this same property as a boardinghouse, which was again denied both by the Zoning Hearing Board, and on appeal to the Court of Common Pleas of Allegheny County.  This time, plaintiff sought review in the Pennsylvania Commonwealth Court, and the Court ultimately agreed with the Zoning Hearing Board and affirmed its decision in September 2007.

Meanwhile, in September 2006, plaintiff brought the instant civil action under 42 U.S.C. §§ 1983 and 1985(3) against Dormont Borough and various employees in their individual and official capacities, seeking injunctive relief and damages for alleged violations of his constitutional rights.

In the prior proceeding before this Court, defendants filed its first motion to dismiss the case under Fed. R. Civ. P. 12(b)(6), and the Court, ultimately abstained and stayed the action under *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, and denied the motion to dismiss without prejudice to re-filing the motion at the conclusion of the state court proceedings.

Then, in August 2008, after the Pennsylvania Supreme Court denied plaintiff's allowance to appeal the Commonwealth Court's decision, defendants moved to re-open this civil action, which the Court granted.  Defendants filed a new motion to dismiss, and this Court ultimately applied the *Rooker-Feldman* doctrine and dismissed this case for lack of subject matter jurisdiction.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)  This Court found, *inter alia*, that the instant action is nothing more than a spin-off of the state court proceedings, and denied the motion to dismiss as moot.  Plaintiff appealed and the United States Court of Appeals for the Third Circuit

issued an opinion on June 18, 2009 (Doc. No. 44-2) finding that *Rooker-Feldman* did not apply to the recent state court proceedings, and stated that the Court should review the entire record of the earlier state court proceedings to determine whether *Rooker-Feldman* was applicable.

Upon remand, the Court ordered the parties to file a complete record of the "earlier" state court proceedings. On July 27, 2009, the Court conducted an Initial Case Management Conference and set forth a Case Management Order as well as a Pretrial Order (doc. nos. 61, 62). On the same day as the Initial Case Management Conference, plaintiff then filed a motion to amend his complaint, which this Court granted on July 28, 2009. Plaintiff's amended complaint sets forth claims for alleged violations of plaintiff's constitutional rights to equal protection, and procedural and substantive due process (plaintiff dismissed his Eighth Amendment claims in his amended complaint). Consistent with the discussion at the Initial Case Management Conference, the parties then submitted a complete record of the state court proceedings (doc. no. 68). On August 17, 2009, defendants filed a motion for judgment on the pleadings (doc. no. 72), on August 27, 2009, plaintiff filed his response in opposition thereto (doc. no. 76), and on September 4, 2009, after seeking leave of Court, defendants filed its reply (doc. no. 79).

A motion for judgment on the pleadings under Rule 12(c) is considered using the same standards as when considering a motion to dismiss under Rule 12(b)(6). *Shelly v. Johns-Manville Corp.*, 798 F.2d 93, 97 n. 4 (3d Cir.1986). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed.R.Civ.P. 12(b)(6); see *In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir.2000).

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v.*

*County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly,* and most recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536 (May 18, 2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged.  *Marangos v. Swett*, 2009 WL 1803263, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12.  The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal*.  While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth.  *Swett*, quoting *Iqbal*, at *13.  "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party.  *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008)(citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).  However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower*

*Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir. 1997).  A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations.  *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory.  *See Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). However, this standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, Civil Action No. 08-411, 2008 U.S. Dist. LEXIS 57988, at * 7 (W.D. Pa. July 30, 2008)(citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

Viewed in light of the forgoing liberal pleading standards, this Court finds that the allegations of the complaint, when taken as true, allows the Court to draw a reasonable inference that the defendants are liable for the conduct alleged, and that the complaint meets the standards as enunciated in *Twombly* and *Iqbal*.  See also, *Fowler v. UPMC Shadyside*, no. 07-4285 (3d Cir. August 18, 2009), quoting *Iqbal*, 129 S.Ct. At 1949.  ("To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible.  This then 'allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged.'").  The Court finds that on the basis of the pleadings, and the public record (state court proceedings), plaintiff shall be afforded an opportunity to develop a record through the discovery process.  Accordingly, the Court hereby DENIES the motion for judgment on the pleadings (doc. no. 72), without prejudice to defendants raising the issues set forth therein in a motion for

summary judgment at the appropriate time following discovery.

SO ORDERED this 11th day of September, 2009.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All counsel of record

George L. Koynok
2850 Glenmore Avenue
Pittsburgh, PA 15216

Patrick L. Mechas, Esquire
Four Northshore Center, 106 Isabella Street
Pittsburgh, PA 15212-5805