IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE L. KOYNOK,

    Plaintiff,

  v.

THOMAS R. LLOYD, Mayor of Dormont Borough, individually and in his official capacity, JOSEPH M. COSTANZO, former President of Dormont Borough Council, individually and in his official capacity, KRISTEN DENNE, former Assistant Manager of Dormont Borough, individually and in her official capacity, THOMAS H. AYOOB, III, Solicitor of Dormont Borough, individually and in his official capacity, PATRICK KELLY, Building Inspector/Code Enforcement Officer, individually and in his capacity, RUSSELL J. MCKIBBEN, former Interim Borough Manager and Police Chief of Dormont Borough, individually and in his official capacity, DORMONT BOROUGH,

    Defendants.

06cv1200
ELECTRONICALLY FILED

## Memorandum Order

Currently pending before this Court is plaintiff's *pro se* "motion for sanctions spoliation of evidence by defendants bad faith participation in mediation by defendants," (doc. no. 94), and defendants response in opposition thereto (doc. no. 96).

In plaintiff's motion, he alleges numerous complaints of improper conduct by defendants. Plaintiff first argues for spoliation sanctions based upon the assertion that four items of evidence were not provided to the Zoning Board or to the Court of Common Pleas during the proceedings in 2003, and other items that were alleged withheld from him in his state court actions.

A district court has authority to bar all evidence emanating from observations of witnesses who have destroyed evidence. *Schmid v. Milwaukee Elec. Tool Corp*. 13 F.3d 76, 79 (3d Cir. 1994).

In determining whether a sanction is warranted for spoliation of evidence, the following factors should be considered: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether a lesser sanction is available that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future. *Schmid v. Milwaukee Elec. Tool Corp*. 13 F.3d at 79.

Most importantly, plaintiff does not claim, and on the current record, the Court does not find, that the items are lost or destroyed, only that they were not submitted to the zoning hearing board. Further, there is no evidence that he raised his alleged spoliation claim to the Court of Common Pleas, or to the appellate courts. Moreover, as defendants point out, plaintiff served discovery requests on defendants on January 23, 2010 (doc. no. 96-1), and responses are not yet due, and it is not clear whether the items requested in plaintiff's discovery requests are the same as those identified in the sanctions motion currently before this Court.

For these reasons, and because the extreme sanction of summary judgment based upon spoliation of evidence has only been imposed in products liability cases, the Court will deny plaintiff's request for sanctions. *See Great Northern Ins. Co. v. ADT Security Services, Inc.*, 2009 WL 3183074, at *18 (W.D. Pa. September 30, 2009).

Plaintiff second argues that defendants did not participate in good faith in the Early Neutral Evaluation sessions under LR 16.2. The Court has reviewed the explanations of the happenings and attendance of the parties/representatives at the ENE/mediation sessions, and the

Court finds that there is no evidence that defendants failed to participate in good faith in the two ENE/mediation sessions.  The fact that, at the last minute, defendants' representative was unable to attend the first ENE, but participated fully in the first ENE session by telephone, and the mediator did not report any issues surrounding defendants' representatives participation by phone, does not equate to a finding of bad faith on the part of defendants.  Additionally, as for the second ENE, defendants' representative traveled approximately 10 hours (roundtrip) to attend this session, and the fact that the representative was late, due to traffic on the Pennsylvania turnpike, does not equate to a finding of bad faith on the part of defendants.  The Court will deny plaintiff's motion for sanctions on this basis as well.

       For the reasons set forth hererinabove, plaintiff's "motion for sanctions spoliation of evidence by defendants bad faith participation in mediation by defendants," (doc. no. 94) is DENIED.

                                            SO ORDERED this 9th day of February, 2010.

                                            s/Arthur J. Schwab
                                            Arthur J. Schwab
                                            United States District Judge

cc:    All counsel of record

George L. Koynok
2850 Glenmore Avenue
Pittsburgh, PA 15216
PRO SE PLAINTIFF